Compensation Appeals Board
No. 96-358

APPEAL OF ROGER J. FILION

(New Hampshire Compensation Appeals Board)

April 20, 2000

*Law Offices of Wm Howard Dunn*, of Claremont (*Carl D. Hanson* on the briefs and orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Eric G. Falkenham* and *Donna M. Head* on the initial brief, and *Ms. Head* orally, and *Mr. Falkenham* on the supplemental brief and orally), for the respondent.

## MEMORANDUM OPINION

PER CURIAM. The petitioner, Roger J. Filion, appeals a 1996 decision of the New Hampshire Compensation Appeals Board (board) that his medical expenses relating to shoulder and neck pain were not the responsibility of his former employer, Sturm Ruger & Company, Inc. (respondent), and that a 1985 lump sum agreement barred him from seeking a permanent impairment award for his neck and shoulder injuries. We vacate and remand.

In October 1982, the petitioner suffered work-related injuries to his wrists and elbows. In February 1985, his treating physician concluded that he had reached a medical endpoint with respect to his wrists and elbows and issued a permanency rating. The petitioner and the respondent entered into a lump sum settlement agreement that was approved by the department of labor (DOL) on June 19, 1985. The agreement precluded all future claims for total or partial disability, both temporary and permanent, but it did not exclude claims for future related medical bills.

After entering into the lump sum settlement, the petitioner began receiving medical treatment for neck and shoulder pain, which he reported to his doctor was related to his 1982 injury. In 1993, the petitioner requested a hearing pursuant to RSA 281-A:23 because the respondent denied payment for these medical expenses. The DOL hearings officer concluded that the petitioner's neck and shoulder condition was causally related to his 1982 employment injury and ordered the respondent to pay for the medical treatment. The respondent did not appeal this decision.

In 1994, the petitioner's physician concluded that he had reached a medical endpoint with respect to his neck and shoulder condition and issued an opinion as to the petitioner's permanent impairment. The petitioner requested a hearing at the DOL on the issues of

medical expenses incurred subsequent to the 1993 decision, and a permanent impairment award. In 1995, the DOL hearings officer ordered the respondent to pay for the petitioner's medical expenses for his neck and shoulder injuries based upon their causal nexus to the 1982 injury as established by the unappealed 1993 decision and by uncontroverted statements of several treating physicians. The hearings officer, however, denied a permanent impairment award because the 1985 lump sum settlement "included" his neck and shoulder condition. The petitioner appealed this decision to the board.

In 1996, the board reviewed *de novo* the issues raised before the DOL. *See Appeal of Cote*, 139 N.H. 575, 577, 660 A.2d 1090, 1092 (1995). At that hearing, the petitioner argued that the respondent was collaterally estopped from contesting the causal nexus between the neck and shoulder injury and the 1982 workplace injury because causation was established in 1993 and no appeal was taken. The board held that the 1993 decision did not bar it from reviewing the issue of causation, and found no causation between the neck and shoulder problems and the 1982 injury. Consequently, the board reversed the 1995 decision of the hearings officer that ordered the respondent to pay for the petitioner's shoulder and neck treatment. The board, however, upheld the denial of permanent impairment compensation to the petitioner on the ground that the 1985 lump sum settlement included this injury. The board denied the petitioner's motion for rehearing. This appeal followed.

■ We first address whether the respondent is liable for the neck and shoulder treatment the petitioner received subsequent to the DOL's 1993 decision. After oral argument, we remanded the issue of collateral estoppel to the board for clarification. The board amended its 1996 decision by ruling that the 1993 unappealed decision controls and the respondent is collaterally estopped from disputing the causal nexus between the petitioner's neck and shoulder condition and the 1982 injury. The respondent has not objected to the July 1, 1998, clarified decision. Accordingly, the issue of causation is no longer properly before us for review. *See Trahan v. Trahan*, 120 N.H. 215, 217, 412 A.2d 752, 753 (1980).

While establishing causation is necessary for the petitioner to receive workers' compensation benefits, *New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 226-27, 400 A.2d 1163, 1168 (1979), it does not end the analysis as to whether the respondent is responsible for a petitioner's medical treatment, *see* RSA 281-A:23 (1999). Still to be determined is whether the medical treatment rendered after the

1993 decision was reasonable and required by the nature of the petitioner's injury. *See Appeal of Lalime*, 141 N.H. 534, 537, 687 A.2d 994, 997 (1996).

■ In 1996, the board held that "the [respondent] is obligated to pay [the medical] charges if they are related to the October, 1982, injury." The board's holding that the respondent was not obligated to pay the petitioner's medical expenses turned on its finding that the petitioner failed to prove that his neck and shoulder condition was causally related to the 1982 injury. Because the board found no causation, it provided no specific findings as to why the medical expenses were not reasonable or required. Accordingly, we remand to the board for specific factual findings. *See id.* at 538, 687 A.2d at 997.

We next consider whether the 1985 lump sum agreement precluded the petitioner from receiving a permanent impairment award for his neck and shoulder injuries. We initially concluded, in an opinion dated January 15, 1999, that the lump sum agreement was not ambiguous. The respondent filed a motion for rehearing, arguing that the language of the lump sum agreement is ambiguous and requesting that the case be remanded to the board. We granted rehearing and withdrew our January 15, 1999, opinion. The parties filed supplemental briefs, which addressed, *inter alia*, whether the lump sum agreement applies to future permanent impairment claims, and the case was reargued.

■ We are persuaded that the lump sum agreement does not unambiguously exclude the petitioner's neck and shoulder permanent impairment claim as we previously held. Under the circumstances of this case, we agree with the respondent that this issue should be remanded to the board. Accordingly, we vacate the board's ruling and remand for further proceedings to determine whether the lump sum agreement includes the petitioner's future permanent impairment claim for his neck and shoulder condition. The board's decision on this issue shall be supported by findings of fact and rulings of law.

*Vacated and remanded.*

NADEAU, J., did not sit; the others concurred.